Commonwealth of Pennsylvania *v.* The American Anti-Vivisection Society, Appellant.

Argued June 9, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Joel D. Beaver,* with him *Daniel Sherman,* for appellant.

*Joseph F. Lynch,* Deputy Attorney General, with him *Donald J. Murphy,* Deputy Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 26, 1977:

This is an appeal from a decision of the Board of Finance and Revenue, dated February 26, 1975, which sustained an order of the Board of Review of the Bureau of Taxes for Education, Department of Revenue, dated October 1, 1974. The Board of Review had refused a "Petition for Refund of Sales Tax" filed by The American Anti-Vivisection Society (Taxpayer). The petition alleged, in essence, that the Society was

exempt from the Commonwealth's sales tax on its purchases by virtue of its status as a "charitable organization."

This is a de novo appeal, taken pursuant to Section 1104 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §1104. The parties have submitted a stipulation of facts which we adopt as our findings of fact. We will restrict our review to the agreed-upon stipulation of facts and will disregard the attempts by both parties to set forth new factual materials in their briefs.

The Taxpayer is a nonprofit corporation which was incorporated in 1883. Taxpayer's principal office is in Philadelphia. Taxpayer derives its income from membership dues, from trust funds, from investments in securities, from voluntary contributions and from bequests. From its very inception, Taxpayer's basic purposes and goals have been to completely abolish vivisection experimentation. The Taxpayer attempts to educate the public to both current and proposed practices of vivisectional experimentation. It sponsors speakers who lecture on vivisection and animal cruelty; it actively opposes and sponsors legislation which either contravenes or supports its basic philosophies; it publishes a magazine, *The A. V.*, which contains articles concerning the subject; and it conducts mass media campaigns to create public awareness on certain vivisectional issues.

Vivisection is generally defined as the performance of surgical procedures upon living animals for physiological or pathological research and experimentation. Dorland's Illustrated Medical Dictionary, 1699 (24th ed. 1965).

The sole issue presented by this case is whether the Taxpayer is exempt from the Commonwealth's sales tax by virtue of its alleged status as a "charitable organization." Section 204(10) of the Tax Reform

Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7204(10) reads, in relevant part, as follows:

> The tax imposed by section 202 shall not be imposed upon
>
> . . . .
>
> The sale at retail to or use by (i) any charitable organization . . . of tangible personal property or services. . . . (Footnote omitted.)

The Act does not define "charitable organization" and there are apparently no appellate cases construing this provision or its predecessor sections in prior statutes imposing a sales tax.[1]

The origin of the charitable exemption is Article VIII, §2(a)(v) of the Pennsylvania Constitution of 1968, which empowers the Legislature to "exempt from taxation . . . [i]nstitutions of purely public charity." The Legislature is only permitted to exempt institutions of purely public charity, and the statutory lan-

---

[1] For definitional purposes, we observe that Regulation 205 of the Bureau of Sales and Use Tax, CCH Pa. Sales and Use Tax Rep., para. 60-246, reads, in relevant part, as follows:

1. Definitions

   a. Charitable Organization—A charitable organization is a group or body of persons which is created and *which exists for the purpose of* performing a humane service, promoting the good and welfare of the aged, poor, infirm, or distressed; combating juvenile delinquency; or advancing the spiritual, mental, social and physical improvement of young men and women.

   . . . .

   *Mutual benefit or social groups, which are created and which exist primarily for the benefit of their membership, are not 'Charitable Organizations.'* Such groups include BPOE, B'nai B'rith, Knights of Columbus, Eagles and similar organizations. *Such groups are not 'Charitable Organizations,' even though they may perform some service or work which is charitable in nature.* (Emphasis added.)

guage in question cannot constitutionally be interpreted to exempt an organization which is not a "pure" public charity. *Board of Christian Education of the Presbyterian Church v. Philadelphia School District,* 171 Pa. Superior Ct. 610, 91 A.2d 373 (1952). The Statutory Construction Act of 1972, 1 Pa. C.S. §1922 (3), establishes a presumption that the Legislature does not intend to violate the Constitution. We therefore are compelled to frame our inquiry in terms of whether Taxpayer is an "institution of purely public charity." Additionally, The Statutory Construction Act of 1972, 1 Pa. C.S. §1928(b)(5), provides that statutory provisions exempting persons or property from taxation are to be strictly construed. This is consistent with the narrow view we take of Section 204(10) of the Code. *See Jubilee Knitting Mills, Inc. v. Board of Finance and Revenue,* 9 Pa. Commonwealth Ct. 602, 309 A.2d 161 (1973), and *Tyger & Karl Complete Water Systems Co. v. Commonwealth,* 5 Pa. Commonwealth Ct. 154 (1972).

Taxpayer contends that because its activities are calculated to advance the public good through the abolition of cruel and painful practices involving animals, it qualifies as a "purely public charity" and should be exempt from payment of the sales tax. We disagree that Taxpayer is a "purely public charity" within the meaning of Article VIII, Section 2(a)(v) of the Pennsylvania Constitution of 1968.

Initially we observe that "[a]lthough . . . a design to achieve objects beneficial to the community is common to all charitable purposes, it does not follow that all such designs are charitable or 'purely public charity.'" *Bower Hill Civic League Appeal,* 207 Pa. Superior Ct. 122, 131, 215 A.2d 305, 309 (1965). The fact that an organization is involved in activities which attempt to educate or motivate the general populace toward community improvement and is devoid of pri-

vate gain does not characterize such an organization as a "purely public charity" in the legal sense.

The Supreme Court of Pennsylvania in *Young Men's Christian Association of Germantown v. Philadelphia,* 323 Pa. 401, 413-14, 187 A. 204, 210 (1936), cogently stated the underlying philosophy of the Constitutional-Legislative grant of tax exemptions. The Court said:

> Taxes are not penalties but are contributions which all inhabitants are expected to make (and may be compelled to make) for the support of the manifold activities of government. Every inhabitant and every parcel of property receives governmental protection. Such protection costs money. When an inhabitant fails to contribute his share of the costs of this protection, some other inhabitant must contribute more than his fair share of that cost. . . . Any institution which by its charitable activities relieves the government of part of this burden is conferring a pecuniary benefit upon the body politic, and in receiving exemption from taxation it is merely being given a 'quid pro quo' for its services in providing something which otherwise the government would have to provide. . . . The measure of an institution's gratuitous aid to those requiring it is the measure by which the government is relieved of its responsibilities.

Further, the Supreme Court in the *Presbyterian Homes Tax Exemption Case,* 428 Pa. 145, 236 A.2d 776 (1968), held that the recipients must be proper objects of charity and must comprise a definite class.

In the case at bar, Taxpayer is unable to show who are the recipients of its primary activities and efforts or that the recipients comprise a definite class. The Taxpayer cannot show that specific classes of animals or that any individual animal has received the

benefits of Taxpayer's antivivisection efforts.[2] Further, Taxpayer cannot show that by its charitable activities it is relieving the government of the burden of providing a service that would otherwise be a governmental responsibility. *Young Men's Christian Association of Germantown v. Philadelphia, supra.* The ultimate objective of Taxpayer is to convince the public that its avowed philosophy should be adopted. Taxpayer is not conferring a pecuniary benefit upon anyone, which would relieve the government of its responsibilities and, therefore, it should not be given a "quid pro quo" [tax exemption] for its gratuitous aid.

The main activity of Taxpayer is directed toward influencing public opinion and legislation which is favorable to its tenets and beliefs. There is a lack of a clear nexus between Taxpayer's real and primary activities and any alleged benefit conferred either on society or animals. We fail to see a clear cause and effect relationship between Taxpayer's activities and the benefits to the general populace or animals as a definite class. Taxpayer cannot even demonstrate that it indirectly benefits animals or mankind other than in some philosophical manner. This is not to say, however, that Taxpayer's gratuitous efforts are not laudable.

Taxpayer attempts to convince society that if it adopts Taxpayer's set of values as a moral viewpoint it will uplift, improve, and otherwise better humanity. To permit, however a tax exemption to every organization which, through its primary activities of propaganda dissemination and lobbying, espouses that the

---

[2] This is not to say that organizations that provide direct charitable services to animals such as the Society for the Prevention of Cruelty to Animals would not qualify for the tax exemption. Nor are we holding that classes of animals are not the proper objects of charity.

adoption of its values and viewpoints would better humanity and which only incidentally or peripherally benefits some proper objects of charity, would, in effect, qualify every organization, association, special interest group, or the like for a tax exemption.

As we have indicated previously, the fact that some benefit might be bestowed on the community generally from an organization's charitable activities is not sufficient to justify a "tax exemption" status. *Bower Hill, supra.* We are required to determine the precise nature of the organization on a case-by-case basis, and having accomplished this, we conclude that the Taxpayer is not entitled to a sales tax exemption.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

### ORDER

AND Now, this 26th day of September, 1977, the adjudication of the Board of Finance and Revenue issued in the above-captioned matter is hereby affirmed.